918 F.2d 187
 37 Cont.Cas.Fed. (CCH) 76,026
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David KWOK, Appellant,
v.
The UNITED STATES, Appellee.
 No. 90-1126.
 United States Court of Appeals, Federal Circuit.
 Oct. 18, 1990.
 
 Before MAYER, Circuit Judge, BALDWIN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 DECISION
 PLAGER, Circuit Judge.
 
 
 1
 Kwok appeals from the decision of the General Services Administration Board of Contract Appeals ("GSABCA") holding that the Government was entitled to terminate the lease between the parties. Kwok's office building, occupied by the Social Security Administration ("SSA"), was vacated and the lease terminated by the Government on the grounds that the chronic untenantable conditions led to SSA's constructive eviction. Kwok filed a claim before the GSABCA for breach of the lease, demanding compensation for the unexpired term. We affirm.
 
 OPINION
 
 2
 Kwok's counsel conceded at argument that the Government had, under this contract, retained its right to the common law remedy of constructive eviction. Constructive eviction describes the situation where, although the tenant is not physically evicted or excluded from the property, the property becomes untenantable due to some wrongful act or omission by the landlord. See, e.g., Jaffe-Spindler Co. v. Genesco, Inc., 747 F.2d 253, 256 n. 2 (4th Cir.1984).
 
 
 3
 Facts found by the GSABCA amply demonstrate that the government was entitled to invoke that right. The building was found to be increasingly plagued by, inter alia, inadequate roofing, infestations of fleas, roaches and mice, constantly blocked up and overflowing toilets, and lack of adequate heat in the winter and air conditioning in the summer. These problems were aggravated by Kwok's avoidance of meaningful repair and maintenance in ongoing violation of the terms of the lease, which required Kwok to institute a systematic program of building maintenance. Substantial evidence exists in the record to support the Board's conclusion, which therefore must stand.